UNITED STATES COURT OF APPEALS
**Filed 8/16/96**
FOR THE TENTH CIRCUIT

HOMER W. TATE,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,*
Commissioner, Social Security
Administration,

     Defendant-Appellee.

No. 95-5265
(D.C. No. 94-C-576-M)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Homer W. Tate appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability benefits. Because the administrative law judge (ALJ) failed to include all of claimant's impairments in his hypothetical question to the vocational expert, the Secretary's decision is not supported by substantial evidence and must be reversed.

Claimant filed for benefits in September 1992, alleging an inability to work after July 1988, due to injuries to his right leg and left ankle, and deficiencies in his hearing and vision. In July 1989, claimant was involved in an automobile accident that resulted in internal injuries and severe fractures to his right femur, pelvis, jaw, and left ankle. He has undergone several surgeries for these injuries, including an open reduction and fixation of his femur and ankle. As part of the femur reduction, a plate and bone screws were inserted into claimant's right leg. Claimant's left ankle was rebuilt, although his orthopedic surgeon characterized

the prognosis for the ankle as "poor," and opined that claimant would eventually need an ankle fusion. R. II at 202.

In January 1990, claimant's orthopedic surgeon opined that he could not return to work for another three months. In March 1990, the orthopedist noted that claimant's left ankle had healed with irregularities, had a reduced range of motion, and that the prognosis was guarded. He also noted claimant's complaints of right leg pain, and advised claimant to find lighter work than that performed previously. Id. at 233. In May 1990, the orthopedist noted that claimant was "walking OK," and included the cryptic statement "No light duty. Part time work [with] brother." Id. at 232.

In November 1992, consulting physician David Krug noted that claimant had restricted ankle movement, right leg pain from cold weather and walking, and a limp favoring the right leg. He opined that claimant might have difficulty walking on uneven surfaces without a cane, and indicated that claimant could only walk two blocks without an assistive device. Id. at 272, 273.

The record shows also that claimant is deaf in his right ear, id. at 271, and that he alleges reduced hearing in the left ear. Consulting physician Krug noted that claimant kept his left ear turned toward him during their interview, and that claimant could hear the physician speak but could not repeat anything. Id. at 271, 273. Claimant's vision is also "poor," with no visual acuity in one eye and

reduced vision in the other.  Id. at 271, 269 (treating physician reported "light perception only in Rt eye and approximately 15-20% loss of [visual acuity] in left eye with best visual correction").  It is undisputed that claimant has undergone surgery for cataracts and glaucoma in both eyes, that he has no depth perception, and that his color perception is limited.  Id. at 173, 271.

At the hearing, the ALJ posed a hypothetical question to the vocational expert, in which a hypothetical person could "lift no more than 20 pounds, and frequently lift or carry 10 pounds; occasionally climb, balance, or kneel; [is] unable to read fine print or see detail at a distance; and [needs] to avoid hazardous situations, such as unprotected heights, and dangerous machinery."  Id. at 64.  The question did not mention any hearing loss, lack of depth or color perception, or walking restrictions on uneven ground or for long distances.  Based on the vocational expert's answer to this hypothetical question, the ALJ concluded that there were jobs in the economy which claimant could perform.  Id. at 25.  The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied.  Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is "'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the Secretary's decision is not supported by substantial evidence because the ALJ disregarded uncontradicted medical evidence in formulating his hypothetical question to the vocational expert. We agree. "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991)(quotation omitted). The hypothetical need only contain those impairments borne out by the evidentiary record, however. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

It is undisputed that claimant suffers from a hearing loss which should have been included in the hypothetical. This omission was "particularly significant" given the vocational expert's later testimony that claimant's hearing trouble would impact some of the jobs he could perform. See R. II at 65; Evans, 55 F.3d at 532. Claimant's lack of depth perception and limited color perception were also undisputed, and should have been placed before the vocational expert.

-5-

Finally, the consultative physician's opinion that claimant was restricted in his ability to walk on uneven ground and for long distances without an assistive device was uncontradicted, and should have been included in the hypothetical question. The ALJ's reason for rejecting this opinion, because "[t]he medical record does not confirm a necessity for the continued use of a cane on uneven surfaces or limitations on the distance the claimant could walk without a cane," R. II at 24, ignores the fact that the physician's opinion was medical evidence in itself. There is nothing in the record to contradict such an opinion, and, in fact, the opinion is supported by the orthopedic surgeon's conclusion that claimant's ankle had healed irregularly with a guarded prognosis. See id. at 233. For these reasons, the case must be remanded for further proceedings.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case is REMANDED for further proceedings.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-6-